IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **EMPLOYERS & CEMENT MASONS #90 HEALTH & WELFARE FUND and EMPLOYERS & CEMENT MASONS #90 PENSION FUND,**<br><br>Plaintiffs,<br><br>v.<br><br>**MUDCREEEK CONCRETE LLC,**<br><br>Defendant. | Case No. 22-CV-339-SPM-RJD |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Reona J. Daly (Doc. 19) on a Motion for Default Judgment (Doc. 16). The Report and Recommendation, entered on October 31, 2022, recommends that the Court grant the motion, order Defendant to produce certain fringe benefit remittance reports, and order Plaintiffs to notify Magistrate Judge Daly when the reports are obtained so that a hearing on damages may be conducted. No objection to the Report and Recommendation was filed.

Plaintiffs filed this suit on February 25, 2022, pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq* (Doc. 1) and it was assigned to Magistrate Judge Daly pursuant to Administrative Order 257. Defendant was served on March 16, 2022 (Doc. 8). The Clerk made an Entry of Default against Defendant on April 11, 2022 (Doc. 10). Defendant has not entered

its appearance and therefore has not had the opportunity to consent to magistrate judge jurisdiction. Because Defendant was served with process in this matter but never appeared, Plaintiffs filed a Motion for Default Judgment and a Memorandum in Support (Docs. 16 and 17).

On October 31, 2022, Magistrate Judge Daly issued the Report and Recommendation currently before the Court. Magistrate Judge Daly found that the Clerk's default entry was proper under Rule 55(a) and that Plaintiffs' Motion for Default Judgment (Doc. 16) satisfies the requirements of Local Rule 55.1. Magistrate Judge Daly further concluded that Defendant had not contested the motion for default judgment and thus a default judgment against Defendant as to liability is warranted while damages must still be determined. *See Hren v. Bernard Irby Inc.*, Case No. 19-cv-770, 2020 WL 6083309, at *3, f.n. 1 (M.D. Tenn. Oct. 14, 2020), *citing Trustees of Indiana State Council of Roofers Health & Welfare Fund v. Gaines Mech.*, Case No. 17-cv-786, 2019 WL 590870, at *2 (S.D. Ohio Feb. 13, 2019).

Objections to the Report and Recommendation were due on or before November 14, 2022. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); SDIL-LR 73.1(b). No objections were filed. Where neither timely nor specific objections to the Report and Recommendation are made, the Court need not conduct a *de novo* review. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.,* 170 F.3d 734, 739 (7th Cir. 1999). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The undersigned has reviewed Magistrate Judge Daly's Report and Recommendation and finds there is no clear error in her findings of fact or conclusions of law. Accordingly, the Report and Recommendation (Doc. 19) is **ADOPTED** in its entirety. The Motion for Default Judgment (Doc. 16) is **GRANTED**.

**IT IS SO ORDERED.**

**DATED:   February 10, 2023**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
